**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NILDA COLON,**

                **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　Case No. **6:07-cv-1276-Orl-19DAB**

**ALL STAR SERVICES, LLC, RAFAEL
ARMENTEROS, AVIS BUDGET GROUP,
INC.,**

                **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR IN-CAMERA REVIEW OF CONFIDENTIAL SETTLEMENT AGREEMENT (Doc. No. 24)**
>
> **FILED:**  November 8, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Unless parties stipulate that Plaintiff's claims are being paid in full, court review is required. Moreover, no basis for an *in camera* or sealed filing has been articulated, let alone a showing sufficient to overcome the public's right of access to court proceedings and documents. As noted recently by the Eleventh Circuit:

> A motion that is "presented to the court to invoke its powers or affect its decisions," whether or not characterized as dispositive, is subject to the public right of access. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995); *see also Leucadia* [v. Applied Extrusion Technologies, Inc.] 998 F.2d [157] at 164 [3rd Cir. 1993] (**common law right applies to motion to approve settlement agreement**); *In re Cont'l Ill. Sec.*

> *Litig.,* 732 F.2d 1302, 1309 (7th Cir.1984) (right of access applies to motion to terminate derivative claim).

*Romero v. Drummond Co., Inc*., 480 F.3d 1234, 1246 (11th Cir. 2007) (emphasis added). Our circuit has noted that "[i]t is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir.1992). Other circuits are in accord. *See, e.g., Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 343 -344 (3rd Cir.1986) (a motion or a settlement agreement filed with the court is a public component of a civil trial; the court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate); *S.E.C. v. Van Waeyenberghe* 990 F.2d 845, 849 (5th Cir.1993) ("Once a settlement is filed in district court, it becomes a judicial record. . . . The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval." [citation omitted]).

The motion is **denied.** The parties shall timely file a copy of their settlement agreement, as previously ordered (Doc. No. 23).

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record